# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JEFFREY PEARSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF PLEASANT HILL, MISSOURI, )<br>et al, )<br>)<br>Defendants. ) | Case No. 4:21-cv-00743-RK |

## ORDER

Before the Court are four motions: (1) Defendants City of Pleasant Hill, Missouri ("the City"), Jeremy Cover, Lauber Municipal Law, Todd M. Burris, and Dominic Malena's motion to dismiss (Doc. 6); (2) pro se Plaintiff Jeffrey Pearson's application to proceed in district court without prepaying fees or costs (Doc. 13); (3) Plaintiff's application for leave to file action without payment of fees with affidavit of financial status in support (Doc. 14); and (4) Plaintiff's motion to stay (Doc. 18). The motions are fully briefed. (Docs. 7, 16, 17.) For the reasons below, Defendants' motion to dismiss is **GRANTED**; Plaintiff's application to proceed in district court without prepaying fees or costs (Doc. 13) is **DENIED**; Plaintiff's application for leave to file action without payment of fees with affidavit of financial status in support (Doc. 14) is **DENIED**; Plaintiff's motion to stay (Doc. 18) is **DENIED**; and the case is **DISMISSED without prejudice.**

## Background

On July 29, 2021, Plaintiff filed his petition in the Circuit Court of Cass County, Missouri, alleging ten counts, including constitutional deprivations under 42 U.S.C. § 1983 and several common law tort claims. (Doc. 1-2.) Plaintiff's claims arise from his arrest and prosecution, and the impounding of his vehicle beginning on November 4, 2017, in Pleasant Hill, Missouri. (*See generally id.*)

Plaintiff's petition contains a narrative background section (Doc. 1-2 at 4-8) followed by statements of law and citations to authority. The narrative alleges that Officer Dominic Malena "initiated a citizen contact with Plaintiff," Plaintiff made clear "he did not wish to be contacted," and that Officer Malena told Plaintiff he was free to leave. (*Id.* at 4.) As Plaintiff was walking his motor bike along the side of the highway, Officer Malena called for back-up, and Sergeant Todd

Burris later arrived. (*Id.*) Plaintiff alleges Sergeant Burris "invented a pre-textual stop to conduct an illegal false arrest." He alleges Sergeant Burris claimed he had been searching for Plaintiff and that Sergeant Burris accused Plaintiff of driving on a highway when Plaintiff had been walking. (*Id.* at 4-5.) Plaintiff alleges the probable cause Sergeant Burris asserted for the stop was a broken taillight, which Plaintiff alleges was not broken. (*Id.* at 6, 8.) Plaintiff alleges that video footage from a dash camera capturing the encounter showed he was arrested for "running [his] mouth," and that Sergeant Burris "could not articulate why Plaintiff was to stop." (*Id.* at 5-6.)

Plaintiff alleges that at a municipal trial, he showed the dash camera footage to the municipal judge and Defendant Jeremy Cover, the city prosecutor. Plaintiff further alleges he questioned Sergeant Burris and confirmed he was "familiar with Missouri racial profiling policy" and "the rules of a citizen contact." (*Id.* at 5-6.) Plaintiff alleges the case was then "referred to a trial de novo in Cass County Missouri." (*Id.* at 8.) Plaintiff further alleges Defendant Cover, "after reviewing all of these said violations continued his quest to prosecute until the day of trial." (*Id.* at 8.) Plaintiff does not indicate the disposition of the municipal case, but alleges he was charged $300 to get his motor bike back from the autobody business to which it had been taken. (*Id.*)

Plaintiff's petition makes no apparent connection between the factual background and the statements of law thereafter, with the exception of one statement on page 17: "Plaintiff allege[s] that inadequacy of supervisory/training was the result of deliberate indifference." (*Id.*)

## Legal Standard

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "accept[s] the allegations contained in the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quotation marks and citation omitted). Although the Court liberally construes pro se pleadings, a complaint "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court will not "supply additional facts" or "construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Id.* (quotation marks and citation omitted).

## Discussion

### I. Individual Defendants Sued in their Official Capacity

Plaintiff's petition states Defendants Cover, Sergeant Burris, and Officer Malena are being sued in their official capacities, as prosecuting attorney and police officers of Pleasant Hill, respectively. (Doc. 1-2.) Defendants argue Plaintiff's claims against the individual defendants sued in their official capacities should be dismissed as redundant of the claims against the City of Pleasant Hill, Missouri. The Court agrees.

"Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Where a petition or complaint "contain[s] no clear statement indicating an individual-capacity suit" and the petition or complaint's "caption and content include[s] only the name of each defendant and his official title[,]" it is "not sufficient to state an individual-capacity claim." *Remington v. Hoopes*, 611 F. App'x 883, 885 (8th Cir. 2015) (citing *Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007)). Where "based on the facts alleged in the complaint," a court can "find nothing that otherwise would provide the defendants with sufficient notice of an individual-capacity suit" the petition or complaint will be "construe[d] . . . as suing the defendants in their official capacities only, and [the court will] not reach the issue of qualified immunity." *Id.* The same applies here, where Plaintiff's caption specifically indicates the individual public servant defendants are sued in their official capacity.

The Eighth Circuit reasoned in *Baker* that "[a] suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" 501 F.3d at 925 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). The *Baker* court explained, "[t]he real party in interest in an official-capacity suit is the governmental entity and not the named official. The doctrine of res judicata bars a plaintiff from suing a succession of public officials on the same official-capacity claim." *Id.* (internal quotation marks and citation omitted).

Accordingly, the Court dismisses the official-capacity claims against Defendants Jeremy Cover, Sergeant Todd M. Burris, and Officer Dominic Malena.

## II. Municipal Liability for Defendant City of Pleasant Hill, Missouri

Finally, the City contends Plaintiff fails to bring a viable claim against it because Plaintiff fails to allege a constitutional policy, custom, or failure to train, as required for a successful civil rights claim against a municipality. The Court agrees.

"A municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell*, 436 U.S. at 692). The focus of the inquiry is thus on the conduct of the governmental body. *See id.* "Liability may attach if the constitutional violation 'resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise.'" *Watson v. Driskill*, No. 4:18-CV-00764-NAB, 2020 WL 134538, at *5 (E.D. Mo. Jan. 13, 2020) (quoting *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018)); s*ee also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). A governmental body itself—such as the City of Pleasant Hill, Missouri—is responsible only for "[its] own illegal acts" as giving rise to potential liability under § 1983, and is not vicariously liable for the acts of employees. *See Connick*, 563 U.S. at 60 (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *Monell*, 436 U.S. at 665-83.

"'Policy' refers to 'official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters.'" *Watson*, 2020 WL 134538, at *5 (quoting *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016)). Where the alleged policy is unconstitutional on its face, a plaintiff only needs evidence of a statement of the policy and its exercise. *Id.* (citing *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007)). On the other hand, if "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* (quoting *Szabala*, 486 F.3d at 390). "'A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body.'" *Id.* (quoting *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992)).

4

To establish a claim of liability based on an unconstitutional unofficial "custom," Plaintiff must demonstrate:

> (1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> (2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> (3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Id.* at *5 (quoting *Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013)).

Lastly, to establish a deliberately indifferent failure to train or supervise, Plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *Id.* at *5 (quoting *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017)). "Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom," but the complaint must at least allege facts supporting the proposition that an unconstitutional policy or custom exists. *Id.* (citing *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)).

Here, even construing Plaintiff's petition liberally, Plaintiff does not assert that his arrest was the result of an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. Plaintiff's petition sets forth allegations that

> Sgt. Burris['] actions were not isolated and [I] have learned a man had died in his cell while in Sgt. Burris['] custody. And his actions were done under a supervisory capacity [ ] which he abused to teach Dominic Molena how to deal with citizens who fail to cooperate. This is poisonous throughout the department.

(Doc. 1-2 at 6.) Plaintiff additionally alleges "that inadequacy of supervisory/training was the result of deliberate indifference." (*Id.* at 17.) In his response to Defendants' motion to dismiss, Plaintiff's arguments for attaching liability to the City of Pleasant Hill, Missouri are based on his assertions that "Todd Burris was the supervisor of PO Malena and whos[e] actions were to train Malena how to be deliberate[ly] indifferent to the Plaintiff[,]" and Sergeant Burris "[told] Plaintiff that he was under arrest 'for running his mouth' . . . violating Plaintiff's rights . . . in a manner of training a subordinate officer." (Doc 16 at 3). Plaintiff argues that Sergeant Burris showed "[Defendant] Malena the (unwritten rules) and how to break the (written ones)" during his arrest. (*Id.* at 4). Plaintiff argues Sergeant Burris was aware of clearly established laws regarding citizen contact but chose to break them in a supervisory position. (*Id.*)

5

The factual allegations in Plaintiff's petition are insufficient to state a claim to relief that is plausible on its face. The allegations as pleaded do not "allow[] the court to draw the reasonable inference that the [City] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As noted above, although the Court liberally construes pro se pleadings, a petition "still must allege sufficient facts to support the claims advanced[,]" which Plaintiff has not done in this case. *Stone*, 364 F.3d at 914. The Court will not "supply additional facts" or "construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Id.* (quotation marks and citation omitted).

Accepting Plaintiff's factual allegations as true and drawing all reasonable inferences in his favor, the petition shows one incident of Sergeant Burris arresting Plaintiff, allegedly for "running his mouth," in the presence of Officer Malena, who Sergeant Burris was allegedly training to do the same by virtue of Officer Malena's employment relationship with Sergeant Burris, who was his supervisor. This does not demonstrate an official municipal policy; a "continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees"; "[d]eliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct"; or "a pattern of similar constitutional violations by untrained employees." *Watson*, 2020 WL 134538, at *5 (internal quotation marks omitted). Plaintiff's additional allegations that Sergeant Burris' "actions were not isolated[,]" that "a man had died in his cell while in Sgt. Burris['] custody[,]" and that "[t]his is poisonous throughout the department" are conclusory and insufficiently supported.

Plaintiff thus has failed to establish that liability should attach to the City of Pleasant Hill, Missouri, by demonstrating that any alleged violation of his constitutional rights occurred due to an unconstitutional official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. Accordingly, the Court dismisses Plaintiff's claims of municipal liability against the City of Pleasant Hill, Missouri, for alleged violations of Plaintiff's civil rights.

### III. Sovereign Immunity as to Common Law Claims

As to Plaintiff's common law claims, Defendant argues the City of Pleasant Hill, Missouri, has sovereign immunity as to the common law claims in Plaintiff's petition. The Court agrees.

In Missouri, unless expressly waived by statute, Missouri municipalities are entitled to sovereign immunity. *Cromeans v. Morgan Keegan & Co.*, 1 F. Supp. 3d 994, 996 (W.D. Mo. 2014) (quoting *Junior Coll. Dist. of St. Louis v. City of St. Louis*, 149 S.W.3d 442, 447 (Mo. 2004)).

The Missouri legislature and courts, however, have created several exceptions to the general tort immunity principle which allow lawsuits against public entities in the following situations:

(1) Where a plaintiff's injury arises from a public employee's negligent operation of a motor vehicle in the course of his employment;

(2) where the injury is caused by the dangerous condition of the municipality's property;

(3) where the injury is caused by the municipality performing a proprietary function as opposed to a governmental function; and

(4) to the extent the municipality has procured insurance, thereby waiving sovereign immunity up to but not beyond the policy limit and only for acts covered by the policy.

*O.S. v. Kansas City Pub. Sch.*, No. 13-0261-CV-W-DGK, 2013 WL 5636664, at *2 (W.D. Mo. Oct. 16, 2013) (quoting *Bennartz v. City of Columbia*, 300 S.W.3d 251, 259 (Mo. Ct. App. 2009)); *see* § 537.600, RSMo.

Plaintiff does not allege or demonstrate in any way that the City of Pleasant Hill, Missouri's conduct falls under one of the exceptions to the general rule of municipality sovereign immunity. Accordingly, the Court dismisses Plaintiff's common law claims—assault and battery, loss of consortium, and intentional infliction of emotional distress (Doc. 1-2)—because the City of Pleasant Hill, Missouri is entitled to sovereign immunity as to these claims.

**IV.** **Defendant Lauber Municipal Law**

Finally, Defendant argues Plaintiff's claims against Lauber Municipal Law ("LML") should be dismissed because Plaintiff has failed to allege any acts performed on behalf of LML, and the petition does not mention any wrongdoing or acts of any kind of LML. Plaintiff's response does not address Defendant's argument that no actions were imputed against LML and that they are thus entitled to dismissal.

Because the petition does not allege any facts supporting any claim against LML, Plaintiff's factual allegations are insufficient to establish that any claim against LML is plausible on its face and that LML is liable for any alleged misconduct. Therefore, the Court dismisses Plaintiff's claims against Defendant Lauber Municipal Law.

## V. Defendant Clines Autobody

Following the disposition of Defendants' motion to dismiss, the only remaining defendant is Clines Autobody, against which the full extent of the pleadings reads:

> Plaintiff demanded that he get his bike free of charge from Clines Autobody which Jeremy Cover agreed. (See court CD) Plaintiff reached out to "Scott" at Clines Autobody and "Scott" admitted to speaking with Jeremy Cover about the scooter and insisted on charging me $300.00 to get it out. Plaintiff seeks actual and punitive damages from Clines Auto for the loss of income due to not having a ride and the loss of freedom that comes with it.

(Doc. 1-2 at 8.) It is clear from the face of the petition that these allegations fail to state a claim for which relief may be granted as to any count of Plaintiff's petition (including constitutional deprivations and several common law tort claims: assault and battery, loss of consortium, and intentional infliction of emotional distress). Accordingly, dismissal of Plaintiff's claims against Clines Autobody is appropriate. *Abts v. Mercy Health*, No. 4:19-CV-02768 JCH, 2020 WL 2308413, at *5 n.3 (E.D. Mo. May 8, 2020) (finding the Court can dismiss a count for failure to state a claim for which relief may be granted where the affirmative defense of failure to state a claim, although not raised by a defendant, "is apparent on the face of the complaint.") Even if Plaintiff's allegations against Defendant Clines Autobody were sufficient to state a claim, the Court would decline to exercise supplemental jurisdiction.

## VI. Plaintiff's Applications and Motion

Plaintiff seeks leave to proceed without payment of costs. (Docs. 13, 14.) 28 U.S.C. § 1915(a)(1) authorizes the Court to allow indigent persons to commence a civil action without the prepayment of costs. However, "[t]he opportunity to proceed *in forma pauperis* is a privilege, not a right." *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991) (citations omitted). When presented with a motion to proceed *in forma pauperis*, the Court first determines whether the plaintiff satisfies the economic eligibility requirements. Local Rule 83.7(a) provides that the standard for determining *in forma pauperis* status is whether the requirement to pay the costs of the lawsuit would cause the applicant to be forced to give up the basic necessities of life. If the applicant meets the economic eligibility requirements, the Court then determines whether the applicant's complaint is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To begin, it appears Plaintiff is financially unable to pay the filing fee and meets the economic eligibility requirements to proceed *in forma pauperis*. Upon review, however, the case must be dismissed because the petition fails to state a claim upon which relief may be granted.

In addition Plaintiff moves the Court to stay the case until the Court "rules on Plaintiff[']s motion to have appointed counsel." (Doc. 18.) The Court finds no motion to appoint counsel on the record. To the extent Plaintiff's motion to stay or applications to proceed without payment can be liberally construed as including a motion to appoint counsel, the Court denies these requests.

"In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). The decision to appoint counsel is discretionary; generally, the Court considers: (1) the merits of the claim, (2) the plaintiff's efforts to obtain counsel, and (3) the plaintiff's financial ability to retain an attorney. *Hale v. N. Little Rock Hous. Auth.*, 720 F.2d 996, 998 (8th Cir. 1983) (citations omitted).

Here, although Plaintiff appears to meet the financial inability component of the analysis, appointment of counsel is not warranted due to the Court's foregoing analysis of the merits of Plaintiff's pleadings.

## Conclusion

After careful consideration, the Court **ORDERS** as follows:

(1) Defendants' motion to dismiss (Doc. 8) is **GRANTED;**

(2) Plaintiff's applications and motion (Docs. 13, 14, 18) are **DENIED**;

(3) This case is **DISMISSED without prejudice**; and

(4) The Clerk's office shall mail a copy of this Order to Plaintiff.

>Jeffrey Pearson
>403 E. Broadway Street
>Jerico Springs, MO 64756

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 24, 2022